Tomas A. Guterres, Esq. (State Bar No. 152729)
Catherine M. Mathers, Esq. (State Bar No. 221983)
**COLLINS COLLINS MUIR + STEWART LLP**
1100 El Centro Street
South Pasadena, CA  91030
(626) 243-1100 – FAX (626) 243-1111
Email:  cmathers@ccmslaw.com

Attorneys for Defendants COUNTY OF LOS ANGELES and SHERIFF LEROY BACA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. HEFLIN, an individual, | CASE NO. CV09-7587 R (AJWx) |
| Plaintiff, | *[Assigned to Hon. Manuel Real, Courtroom 8]* |
| vs. | |
| COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; LEROY BACA, an individual; THE IRVINE COMPANY, INC., a California limited liability company; DOES 1 through 10, inclusive, | **DEFENDANTS COUNTY OF LOS ANGELES AND SHERIFF LEROY BACA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** [F.R.CIV.P. 12(b)(6)] |
| | DATE:  February 1, 2010 |
| | TIME:  10:00 a.m. |
| | LOCATION:  Courtroom 8 |
| Defendants. | |
| | REMOVAL FILED:  10/19/09 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on *February 1, 2010* at *10:00 a.m.* or as soon thereafter as this matter may be heard in Courtroom 8 of the above-entitled court located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants COUNTY OF LOS ANGELES and Sheriff LEROY BACA (hereinafter collectively "COUNTY"), will and hereby do move the Court for dismissal on the grounds that

the First Amended Complaint of Plaintiff MICHAEL HEFLIN (hereinafter "PLAINTIFF") fails to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion, Motion and the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: January 4, 2010

COLLINS COLLINS MUIR + STEWART LLP

By: /s/ Catherine M. Mathers
TOMAS A. GUTERRES
CATHERINE M. MATHERS
Attorneys for Defendants
COUNTY OF LOS ANGELES and
SHERIFF LEROY BACA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The tragic circumstances of this case involve a brutal attack on Plaintiff MICHAEL HEFLIN (hereinafter "PLAINTIFF") on September 28. 2008 at PLAINTIFF's apartment complex in Irvine, California.  The man charged with the assault is an off-duty former County of Los Angeles Sheriff's deputy, Robert McClain (hereinafter "MCCLAIN").

On September 21, 2009, PLAINTIFF filed a in Orange County Superior Court Complaint which asserted three causes of action against Defendants COUNTY OF LOS ANGELES and Sheriff LEROY BACA (hereinafter collectively "COUNTY"), namely (1) General Negligence (California *Government Code* §815.2(a)); (2) Violations of Mandatory Duties Imposed by the California Constitution and California Statutes (California *Government Code* §815.6); and (2) Deprivation of Federal Civil Rights (42 U.S.C. § 1983).  After removing the lawsuit to federal court on October 19, 2009, COUNTY filed a Motion to Dismiss on October 27, 2009.  COUNTY's Motion was granted on December 7, 2009.  In granting the Motion to Dismiss, the Court ruled as follows:

    1.    As to PLAINTIFF's First Cause of Action for General Negligence (California *Government Code* §815.2), PLAINTIFF failed to state a claim in that there are no facts alleged to support a finding that Robert McClain was acting within the scope of employment.  Additionally, there are no facts alleged to support a finding that there was a special relationship between COUNTY employees and PLAINTIFF.  There was no duty on the part of COUNTY DEFENDANTS to prevent the attack on PLAINTIFF.

    2.    As to PLAINTIFF's Second Cause of Action for Violations of Mandatory Duties (California *Government Code*

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax   (626) 243-1111

§815.6), PLAINTIFF failed to state a claim in that the codes and regulations alleged by PLAINTIFF describe a duty to investigate which involves the exercise of discretion thus cannot form the basis of liability under *Government Code* § 815.6.

3.   As to PLAINTIFF's Third Cause of Action for Deprivation of Civil Rights (42 U.S.C. § 1983), PLAINTIFF failed to state a claim under the State Created Danger Doctrine. The danger alleged by PLAINTIFF was to the general population, rather than a specific individual or small group.

*See* Order Granting COUNTY's Motion to Dismiss, dated December 10, 2009.

On December 16, 2009, PLAINTIFF filed a First Amended Complaint which again alleges general negligence and violation of mandatory duties. As argued in COUNTY's first motion to dismiss, the only link between the assault on PLAINTIFF and COUNTY is that MCCLAIN was employed by COUNTY at the time the incident occurred. There is simply no legal basis for holding COUNTY liable for the off-duty criminal behavior of its employee. As the First Amended Complaint does not address the deficiencies noted by the Court in dismissing the original complaint, COUNTY respectfully requests that its Motion to Dismiss the First Amended Complaint be granted without leave to amend.

## II.
## GENERAL AUTHORITY FOR A MOTION TO DISMISS

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

For a complaint to survive a motion to dismiss, it must assert more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In a recently decided case, the Supreme Court explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949, 176 L.Ed.2d 868 (2009). In addition, a plaintiff must also demonstrate that a claim has facial plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570. As explained by the Supreme Court, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). In other words, mere "labels and conclusions" or "a formulaic recitation of the elements" of a cause of action will not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. As set forth below, PLAINTIFF's First Amended Complaint fails to allege sufficient facts to state a cause of action. Accordingly, dismissal of the entire First Amended Complaint is warranted.

### III.
### PLAINTIFF'S NEGLIGENCE CLAIM FAILS AS A MATTER OF LAW

In the First Amended Complaint, PLAINTIFF alleges that "defendants acted negligently, recklessly, and carelessly in failing to follow their pre-hire screening and training standards set forth in the POST regulations so as to cause McClain to be hired and trained as a Deputy Sheriff for the LASD. As a result, McClain was free to wield his power of authority under color of law. Defendants owed a duty of care to Plaintiff as a foreseeable victim of McClain's violent propensities. Defendants hired, trained and employed Deputy Sheriff McClain and are also

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

L:\17344\MTN TO DISMISSS FAC 2.DOC

3

COUNTY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

vicariously liable for Deputy Sheriff McClain's conduct, which occurred within the scope of his employment." (FAC, p.10, ¶35).

In comparison to the negligence claim in his original Complaint, the only new allegations in the First Amended Complaint are the conclusory statements that MCCLAIN acted within the "scope of his employment" and that COUNTY owed an independent duty of care to PLAINTIFF. As was the case with the original Complaint, PLAINTIFF's conclusory allegations fail to state a negligence claim against COUNTY.

### A.  COUNTY is Not Vicariously Liable for the Actions of MCCLAIN

To hold COUNTY vicariously liable for the conduct of MCCLAIN under *Government Code* §815.2, PLAINTIFF must establish that MCCLAIN was acting within the scope of his employment. *M.P. v. City of Sacramento*, 177 Cal.App.4th 121, 128-129 (2009). Criminal acts may fall within the scope of employment, but only if there is a "causal nexus to the employee's work." *Id.* at 129.

In *Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 47 Cal.Rptr.2d 478, 487 (1995), the California Supreme Court held that "vicarious liability is deemed inappropriate where the misconduct does not arise from the conduct of the employer's enterprise but instead arises out of a personal dispute,… or is the result of a personal compulsion. In such cases, the risks are engendered by events unrelated to the employment, ***so the mere fact that an employee has an opportunity to abuse facilities or authority necessary to the performance of his or her duties does not render the employer vicariously liable***." (Emphasis added.) *Id.* at 1006.

In *Van Ort v. Estate of Stanewich*, 92 F.3d 831 (9th Cir. 1996), the Ninth Circuit applied the holdings and "scope of employment" analysis of the California Supreme Court and determined that a criminal assault by an off-duty deputy sheriff was not within the scope of employment under *Government Code* § 815.2. In

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax     (626) 243-1111

addressing the plaintiffs' state law negligence claims under *Government Code* § 815.2, the court held that in relevant part that:

> "An employer will not be held vicariously liable for an employee's malicious or tortuous conduct if the employee substantially deviates from the employment duties for personal purposes. Thus, if the employee inflicts an injury out of personal malice… or acts out of personal malice unconnected with the employment… the employee is not acting within the scope of employment."

*Id.* at 840 (citing *Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 47 Cal.Rptr.2d 478, 487 (1995)). The court further observed that "[t]he free-lance criminal exploits of a law enforcement officer fall within the California Supreme Court's language in *Farmers*" which was held to be outside the scope of employment. *Id.* at 840.

Applying the § 815.2 analysis by California courts and the Ninth Circuit to the facts alleged by PLAINTIFF, MCCLAIN was not acting within the course and scope of his employment. First, PLAINTIFF does not allege that MCCLAIN was on-duty. Additionally, the First Amended Complaint describes a vicious criminal assault which occurred in an Orange County city which is unmistakably outside the typical jurisdiction of a County of Los Angeles Sheriff's deputy. (FAC, p.8 ¶¶26-32). Further, MCCLAIN's alleged motive in attacking PLAINTIFF was that MCCLAIN learned of his wife's affair with PLAINTIFF. (FAC, p.8, ¶26). Based on these allegations, MCCLAIN's motive was clearly personal and not related to any legitimate objectives of his COUNTY employment. The reasonable inference based on the facts alleged in the First Amended Complaint is that MCCLAIN's actions were entirely personal and off-duty. In other words, there is no "causal nexus" between MCCLAIN's patent criminal behavior and MCCLAIN's employment as a deputy sheriff with the County of Los Angeles Sheriff's

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax   (626) 243-1111

1 | Department. Accordingly, COUNTY cannot be vicariously liable for the actions of
2 | MCCLAIN under *Government Code* § 815.2.

### B. COUNTY is Not Vicariously Liable to PLAINTIFF for the Recruitment and Training of MCCLAIN

PLAINTIFF also attempts to hold COUNTY liable for alleged negligence in the background investigation and hiring of MCCLAIN. As framed by PLAINTIFF's allegations, it appears that PLAINTIFF is attempting to hold COUNTY directly liable on a theory similar to that rejected in *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1179 (2003), *Munoz v. City of Union City*, 120 Cal. App.4th 1077, 1113 (2004), and *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 252-53 (2007). See also *Hernandez v. City of Napa*, 2009 WL 3429667, *11 (N.D.Cal. 2009) wherein the plaintiff's state law claims of negligent selection, training, retention, supervision, investigation and discipline were dismissed on the grounds that there was no statutory basis for holding a governmental entity for negligence in its hiring and supervision practices.

Additionally, COUNTY is not vicariously liable under § 815.2 for the actions of employees who conducted the background investigation of MCCLAIN. To hold COUNTY vicariously liable for the actions of its employees under *Government Code* §815.2(a), the employees must be themselves subject to liability. See *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 243 (2007).

In *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 243 (2007), an employee of the County of San Diego Medical Examiner's Office (hereinafter "the employee") stole toxic materials from the office and used them to poison her husband. The family of the deceased husband brought an action against the County of San Diego on several theories, including vicarious liability for the negligent hiring and supervision of the employee. *Id.* at 248. Specifically, the plaintiffs argued that the county was vicariously liable for the murder because various county supervisors/co-workers, while in the course and scope of their employment,

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

negligently did the following: (1) failed to discover the employee's prior drug history or juvenile criminal history when she was hired or failed to terminate her upon learning of the history; (2) failed to prevent or uncover the employee's theft of drugs from the medical examiner's office; (3) failed to discover the employee's affair with her colleague; and (4) permitted the employee to learn of the lethal nature of the drugs she used to poison her husband. *Id.*

The court rejected the plaintiffs' reasoning and held that the defendant county could not be held vicariously liable for the co-workers of the employee because the employee's coworkers would not have been personally liable for the murder as they had no duty to prevent the employee from committing the murder. *Id.* at 249. The court explained that citizens, generally, do not have a duty to prevent criminal attacks by third parties. *Id.* "Although an exception might exist when the citizen bears some special protective relationship to the victim *and* has *actual* knowledge of the assaultive propensities of the criminal actor, a citizen 'cannot be liable under a negligent supervision theory… based solely on constructive knowledge or information they should have known." *Id.* (Emphasis in the original).

PLAINTIFF attempts to remedy the defects of the original Complaint by adding an allegation in the First Amended Complaint that COUNTY owed an "independent duty" to PLAINTIFF based upon the "statutory pre-hire requirements set forth in the POST regulations…" (FAC, p.2 ¶7). However, there are absolutely no facts alleged that suggests that there was a special protective relationship between PLAINTIFF and COUNTY to support a claim of negligence. Moreover, there are no facts to support the conclusion that COUNTY had *actual* knowledge of the specific danger MCCLAIN posed to PLAINTIFF. There are simply no facts to support PLAINTIFF's conclusory allegation that COUNTY owed a duty. Accordingly, PLAINTIFF's negligence claim based on the hiring and training of MCCLAIN must fail.

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

## IV.

## PLAINTIFF HAS NOT PROPERLY ALLEGED A VIOLATION OF MANDATORY DUTIES UNDER *GOVERNMENT CODE* § 815.6

PLAINTIFF's Second Cause of Action seeks to hold COUNTY liable for violations of purported mandatory duties pursuant to *Government Code* § 815.6. As set forth below, all of the enactments alleged by PLAINTIFF fail to meet the criteria required to state a claim for a violation of mandatory duties.

In *Haggis v. City of Los Angeles*, 22 Cal.4th 490, 498 (2000), the California Supreme Court sets forth the criteria to establish a claim under *Government Code* § 815.6. Pursuant to *Haggis*, the first requirement to be met is that the enactments alleged by PLAINTIFF must be obligatory in its direction to COUNTY. *Id.* However, it is not enough that COUNTY was under an obligation to perform a function, "if the function itself involves the exercise of discretion." *Id.* Whether the enactments alleged by PLAINTIFF created a mandatory duty rather than a mere obligation to perform a discretionary function is a question of law. *Id.* (citing *Creason v. Department of Health Services,* 18 Cal.4th 623, 631 (1998)).

Second, PLAINTIFF must establish that the alleged mandatory duty was "designed" to "protect against the particular kind of injury" that PLAINTIFF suffered. *Id.* at 499. In other words, PLAINTIFF is required to demonstrate that his injury is among the consequences that the California legislature sought to prevent through imposing the alleged mandatory duty. *Id.*

Third, PLAINTIFF must establish that COUNTY's alleged failure to fulfill the purported mandatory duty was the proximate cause of his injury. *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 256 (2007); *Sutherland v. City of Fort Bragg*, 86 Cal.App.4th 13, 23 (2000).

Here, PLAINTIFF's allegations fail to meet the first element of *Haggis*. Assuming for the purposes of this Motion that the enactments cited by PLAINTIFF

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

create a duty and/or obligation on the part of COUNTY, these enactments clearly describe a duty to investigate, which cannot form the basis of mandatory duty liability under *Government Code* § 815.6. See *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 260-261 (2007) ("when the statutorily prescribed act involves debatable issues over whether the steps taken by the entity *adequately* fulfilled its obligation, we believe the act necessarily embodies discretionary determinations by the agency regarding how best to fulfill the mandate, and this discretion removes the duty from the type of activity that supports a claim under section 815.6."); *Sutherland v. City of Fort Bragg*, 86 Cal.App.4th 13, 20 (2000) ("even where language in the predicate enactment appears mandatory, if significant discretion is required to carry out any duty imposed, that duty is not mandatory within the meaning of section 815.6 and thus a breach of the duty will not support tort liability."); *Brenneman v. The State of California*, 208 Cal.App.3d 812, 818 (1989) ("[a] mandatory statutory duty to investigate may not reasonably be read as imposing a mandatory duty to take action.").

        Moreover, PLAINTIFF's factual allegations fail to meet the criteria of the second and third prongs of *Haggis* in that the enactments relied upon by PLAINTIFF were not designed to prevent against the type of off-duty criminal behavior by MCCLAIN. Further, there are no facts to support an argument that the alleged failure to fulfill the purported mandatory was the proximate cause of PLAINTIFF's injuries.

        Accordingly, the Second Cause of Action must be dismissed as PLAINTIFF has failed to properly allege a cause of action for violation of mandatory duties under *Government Code* § 815.6.

///
///
///
///

*L:\17344\MTN TO DISMISSS FAC 2.DOC*

**COUNTY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

# V.

# CONCLUSION

For the reasons set forth herein, COUNTY respectfully requests that this Court grant its Motion to Dismiss without leave to amend. COUNTY further requests any relief that this Court deems just and proper.

DATED: January 4, 2010          COLLINS COLLINS MUIR + STEWART LLP

By: *Catherine M. Mathers*
TOMAS A. GUTERRES
CATHERINE M. MATHERS
Attorneys for Defendants COUNTY OF LOS ANGELES and SHERIFF LEROY BACA

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

\L:\17344\MTN TO DISMISSS FAC 2.DOC

10

COUNTY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

PROOF OF SERVICE<br>(CCP §§ 1013(a) and 2015.5)

State of California,        )
                            ) ss.
County of Los Angeles       )

☒ I am employed in the County of Los Angeles ☐ Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is:

☒ 1100 El Centro Street, <u>South Pasadena</u>, California 91030.
☐ 750 The City Drive, Suite 400, <u>Orange</u>, CA 92868-4940

On this date, I served the foregoing document described as **DEFENDANTS COUNTY OF LOS ANGELES AND SHERIFF LEROY BACA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [F.R.CIV.P 12(b)(6)]** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

Mark S. Perelman, Esq.<br>
Thomas P. Mazzucco, Esq.<br>
Jason E. Fellner, Esq.<br>
MURPHY, PEARSON, BRADLEY & FEENEY<br>
88 Kearny Street, 10th Floor<br>
San Francisco, CA 94108<br>
(415) 788-1900 – FAX: (415) 393-8087<br>
mperelman@mpbf.com<br>
tmazzucco@mpbf.com<br>
jfellner@mpbf.com<br>
<b>Attorneys for Plaintiff, MICHAEL C. HEFLIN</b>

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in **South Pasadena/Orange**, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at: **South Pasadena/Orange**, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in **South Pasadena/Orange**, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service List.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached <u>Service List</u> and the activity report(s) generated by facsimile number **(626) 243-1111 (So. Pasadena) or (714) 823-4101 (Orange)** indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **JANUARY 4, 2010** at: **South Pasadena**, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Sansanee M. Wells<br>
SANSANEE M. WELLS

\L:\17344\MTN TO DISMISSS FAC 2.DOC

**COUNTY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111