Tomas A. Guterres, Esq. (State Bar No. 152729)
Catherine M. Mathers, Esq. (State Bar No. 221983)
COLLINS COLLINS MUIR + STEWART LLP
1100 El Centro Street
South Pasadena, CA 91030
(626) 243-1100 – FAX (626) 243-1111
Email: cmathers@ccmslaw.com

Attorneys for Defendants COUNTY OF LOS ANGELES and SHERIFF LEROY BACA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. HEFLIN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; LEROY BACA, an individual; THE IRVINE COMPANY, INC., a California limited liability company; DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. CV09-7587 R (AJWx) <br> *[Assigned to Hon. Manuel Real, Courtroom 8]* <br><br> **DEFENDANTS COUNTY OF LOS ANGELES AND SHERIFF LEROY BACA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> DATE: February 1, 2010 <br> TIME: 10:00 a.m. <br> LOCATION: Courtroom 8 <br><br> REMOVAL FILED: 10/19/09 |

I.

INTRODUCTION

The lawsuit filed by Plaintiff MICHAEL HEFLIN (hereinafter "PLAINTIFF") is nothing more that a misguided attempt to be compensated by the taxpayers for injuries inflicted by the criminal actions of an off-duty, former deputy sheriff. There is simply no basis to hold Defendants COUNTY OF LOS ANGELES

\L:\17344\MTN TO DISMISSS FAC 2.DOC

1

COUNTY'S REPLY RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT

and LEROY BACA (hereinafter collectively "COUNTY") liable. Accordingly, COUNTY requests that this Court exercise its discretion to retain jurisdiction of this case and grant COUNTY's Motion to Dismiss without leave to amend.

## II.

## THIS COURT CAN PROPERLY EXERCISE ITS DISCRETION AND MAINTAIN JURISDICTION OF THIS CASE

In passing, PLAINTIFF requests that the Court remand this case back to state court before issuance of an order on the motion to dismiss. *See* PLAINTIFF's Opposition, p.3, lines 4-6. However, PLAINTIFF provides no analysis supporting his request. COUNTY requests that the Court exercise its discretion and decline to remand this case to state court.

In *Harrell v. 20th Century Insurance Company*, 934 F.2d 203, 205 (9th Cir. 1991), the Ninth Circuit held that the district court properly exercised its discretion in declining to remand state claims back to state court after dismissal of federal claims. Citing to the Supreme Court in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), the court explained that "the district court's decision to remand remains discretionary and is dependent upon what 'will best accommodate the values of economy, convenience, fairness, and comity...'" *Id.*

Here, COUNTY requests that the Court maintain jurisdiction on issues that have now been briefed several times. It would not be in the interest of judicial economy, fairness or convenience to require that the parties be forced to bear the costs of re-litigating the very same issues that are currently before the Court.

## III.

## PLAINTIFF'S NEGLIGENCE CLAIM FAILS AS A MATTER OF LAW

In California, direct tort liability of public entities must be based on a specific statute rather than general tort provisions. California *Government Code* § 815; *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1179, 1183

L:\17344\MTN TO DISMISSS FAC 2.DOC

2

COUNTY'S REPLY RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

(2003). As pointed out in the moving papers of the first and second motions to dismiss, COUNTY cannot be held liable for PLAINTIFF's alleged damages in this case under a negligence theory.

A. **COUNTY is Not Vicariously Liable for the Actions of MCCLAIN**

To hold COUNTY liable for the conduct of MCCLAIN under *Government Code* §815.2, PLAINTIFF must establish that MCCLAIN was acting within the scope of his employment. *M.P. v. City of Sacramento*, 177 Cal.App.4th 121, 128-129 (2009). Criminal acts may fall within the scope of employment, but only if there is a "causal nexus to the employee's work." *Id.* at 129.

To compensate for the failure to allege that MCCLAIN was acting within the scope of employment, PLAINTIFF relies on his repeated allegation in the Complaint that MCCLAIN acted "under color of law." However, "color of law" is a distinct legal concept commonly argued in the context of §1983 litigation and does not necessarily match the analysis of "scope of employment" in California law. The United States Supreme Court held that "acting under color of state law requires that the defendant in a §1983 action have exercised power possessed by virtue of state law and made possible only because wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2240, 101 L.Ed.2d 40 (1988). The analysis of whether an employee is acting within the scope of employment for purposes of liability under California *Government Code* § 815.2 contemplates far more than simply whether the wrongdoer was acting under color of law.

To support his theory that MCCLAIN's criminal actions were considered within the scope of MCCLAIN's employment with COUNTY, PLAINTIFF relies almost exclusively on the California Supreme Court's decision in *Mary M. v. City of Los Angeles*, 54 Cal.3d 202 (1991) which held that the City of Los Angeles could be held liable by a jury under §815.2 for the rape of a woman by a uniformed, on-duty police officer. PLAINTIFF's heavy reliance on *Mary M.* is misplaced as this

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

holding has been substantially limited by subsequent decisions of the California Supreme Court and various courts of appeal.

In *Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 47 Cal.Rptr.2d 478, 487 (1995), the California Supreme Court found that the aberrant holding in *Mary M.* on the issue of scope of employment did not apply to the sexual harassment claims against a sheriff's department sergeant by one of his subordinates, even though the alleged misconduct occurred while on duty. Applying the three prong test articulated in *Mary M.* for determining whether to find an employee within the scope of employment, the Court in *Farmers* held that "vicarious liability is deemed inappropriate where the misconduct does not arise from the conduct of the employer's enterprise but instead arises out of a personal dispute,… or is the result of a personal compulsion. In such cases, the risks are engendered by events unrelated to the employment, *so the mere fact that an employee has an opportunity to abuse facilities or authority necessary to the performance of his or her duties does not render the employer vicariously liable*." (Emphasis added.) *Id.* at 1006.

In *Van Ort v. Estate of Stanewich*, 92 F.3d 831 (9th Cir. 1996), the Ninth Circuit applied the holdings and analysis of the California Supreme Court in *Mary M.* and *Farmers Insurance Group* and determined that a criminal assault by an off-duty deputy sheriff was not within the scope of employment under *Government Code* § 815.2.

Most recently, in *M.P. v. City of Sacramento*, 177 Cal.App.4th 121, 124 (2009), a California Court of Appeals held that "we conclude the *Mary M.* holding that a public employer of a police officer may be vicariously liable for a sex crime committed by the officer against a person detained by the officer while on duty is, at best, limited to such acts by an on-duty police officer…"

Applying the post-*Mary M.* analysis by California courts and the Ninth Circuit to the facts alleged by PLAINTIFF, MCCLAIN was not acting within the

course and scope of his employment. First, PLAINTIFF does not allege that MCCLAIN was on-duty. Additionally, the First Amended Complaint describes a vicious criminal assault which occurred in an Orange County city which is clearly outside the typical jurisdiction of a County of Los Angeles Sheriff's deputy. Further, MCCLAIN's alleged motive in attacking PLAINTIFF was that MCCLAIN learned of his wife's affair with PLAINTIFF. (First Amended Complaint, p.8, Paragraph 26). Based on the allegations in the First Amended Complaint, MCCLAIN's motive was clearly personal and not related to COUNTY employment. The reasonable inference based on the facts alleged in the First Amended Complaint is that MCCLAIN's actions were entirely personal and off-duty. In other words, there is no "causal nexus" between MCCLAIN's patent criminal behavior and MCCLAIN's employment as a deputy sheriff with the County of Los Angeles Sheriff's Department.

**B.     PLAINTIFF's Claim of Negligent Hiring Must Fail**

In his Opposition, PLAINTIFF argues that COUNTY is mistaken in its interpretation that a government entity cannot be sued for negligent hiring and supervision under *Government Code* § 815.2. (PLAINTIFF's Opposition, p.2, lines 7-10). However, the relevant case law clearly supports COUNTY's position in this regard.

PLAINTIFF's attempt to hold COUNTY directly liable is based on a theory similar to that rejected in *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1179 (2003), *Munoz v. City of Union City*, 120 Cal. App.4th 1077, 1113 (2004), and *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 252-53 (2007)("We find no relevant case law approving a claim for direct liability based on a public entity's allegedly negligent hiring and supervision practices. Instead, the court in *Munoz v. City of Union City* (2004) 120 Cal.App.4th 1077, 16 Cal.Rptr.3d 521 concluded no statutory basis for such a claim existed"). See also *Hernandez v.*

*City of Napa,* 2009 WL 3429667, *11 (N.D.Cal. 2009) wherein the plaintiff's state law claims of negligent selection, training, retention, supervision, investigation and discipline were dismissed on the grounds that there was no statutory basis for holding a governmental entity for negligence in its hiring and supervision practices.

Additionally, as set forth in detail in the moving papers, COUNTY is not vicariously liable under § 815.2 for the actions of employees who conducted the background investigation of MCCLAIN. To hold COUNTY vicariously liable for the actions of its employees under *Government Code* §815.2(a), the employees must be themselves subject to liability. Here, there was simply no duty to PLAINTIFF by COUNTY's background investigators to support a negligence claim. There are absolutely no facts alleged in the Complaint that suggests that there was a special relationship between PLAINTIFF and COUNTY. Moreover, there are no facts to support a conclusion that COUNTY or its employees in the Background Investigations Unit had *actual* knowledge of the danger MCCLAIN posed to PLAINTIFF. Accordingly, PLAINTIFF's negligence claim based upon the background investigation of MCCLAIM must fail. See *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 243 (2007).

IV.

### PLAINTIFF HAS NOT PROPERLY ALLEGED A VIOLATION OF MANDATORY DUTIES UNDER GOVERNMENT CODE § 815.6

PLAINTIFF's Opposition spends a considerable amount of time dissecting the language of the various codes and regulations pertaining to the background investigations and selections standards of peace officers established by the California Commission on Peace Officers Standards and Training ("POST"). PLAINTIFF argues that the POST regulations are "objective" and "procedural" rather than investigative. *See* Opposition, p.2, lines 11-15. Notwithstanding his conclusory declarations to the contrary, PLAINTIFF fails to rebut the simple reality

\L:\17344\MTN TO DISMISSS FAC 2.DOC

6

COUNTY'S REPLY RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

that the obligations described in the POST regulations requires a background *investigation* be performed on peace officer candidates.

Even assuming that the POST regulations created an obligation on the part of COUNTY, as set forth in the moving papers, the obligation was a duty to investigate. The case law clearly provides that a duty to investigate does not create a mandatory duty subjecting COUNTY to liability under *Government Code* § 815.6. See *Brenneman v. The State of California*, 208 Cal.App.3d 812, 818 (1989) ("[a] mandatory statutory duty to investigate may not reasonably be read as imposing a mandatory duty to take action.").

V.

## CONCLUSION

For the reasons set forth in the moving papers and herein, COUNTY respectfully requests that this Court grant its Motion to Dismiss without leave to amend. COUNTY further requests any relief that this Court deems just and proper.

DATED:  January 19, 2010         COLLINS COLLINS MUIR + STEWART LLP

By: _____
TOMAS A. GUTERRES
CATHERINE M. MATHERS
Attorneys for Defendants COUNTY OF LOS ANGELES and SHERIFF LEROY BACA

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

PROOF OF SERVICE
(CCP §§ 1013(a) and 2015.5)

State of California,       )
                           ) ss.
County of Los Angeles      )

I am employed in the County of   ☒ Los Angeles   ☐ Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is:

☒ 1100 El Centro Street, **South Pasadena**, California 91030.
☐ 750 The City Drive, Suite 400, **Orange**, CA 92868-4940

On this date, I served the foregoing document described as **DEFENDANTS COUNTY OF LOS ANGELES AND SHERIFF LEROY BACA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

Mark S. Perelman, Esq.
Thomas P. Mazzucco, Esq.
Jason E. Fellner, Esq.
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108
(415) 788-1900 – FAX: (415) 393-8087
mperelman@mpbf.com
tmazzucco@mpbf.com
jfellner@mpbf.com
**Attorneys for Plaintiff, MICHAEL C. HEFLIN**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in **South Pasadena/Orange**, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at: **South Pasadena/Orange**, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in **South Pasadena/Orange**, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service List.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number **(626) 243-1111 (So. Pasadena) or (714) 823-4101 (Orange)** indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **JANUARY 19, 2010** at: **South Pasadena**, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
SANSANEE M. WELLS

\L:\17344\MTN TO DISMISSS FAC 2.DOC

8

**COUNTY'S REPLY RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111