```
                  UNITED STATES DISTRICT COURT

                 CENTRAL DISTRICT OF CALIFORNIA

                        WESTERN DIVISION



MICHAEL C. HEFLIN, an individual     )
                                     )
                 Plaintiff,          ) No. CV 09-7587 R
                                     )
       vs.                           )
                                     )
COUNTY OF LOS ANGELES, a public entity, )
et al.,                              )
                                     )
                 Defendants.         )




                  TRANSCRIPT OF PROCEEDINGS

  THE HONORABLE MANUEL L. REAL, U.S. DISTRICT JUDGE PRESIDING

                   LOS ANGELES, CALIFORNIA

                      FEBRUARY 1, 2010


                       MOTION HEARING










          BRIDGET R. MONTERO, CSR 10020, RMR, CRR
                  United States Courthouse
             312 North Spring Street, Room 435
               Los Angeles, California 90012
                   www.bridgetmontero.com
                  Internal File No. 10006
```

```
 1   APPEARANCES OF COUNSEL:

 2

 3   For the Plaintiff:

 4

 5   Murphy Pearson Bradley & Feeney
     BY:  JASON E. FELLNER
 6   88 Kearny Street, 10th Floor
     San Francisco, CA 94108
 7

 8

 9   For the Defendants:

10

11   Collins Collins Muir & Stewart LLP
     BY:  CATHERINE M. MATHERS
12   1100 El Centro Street
     South Pasadena, CA 91030
13

14

15

16                       - - - - -

17

18

19

20

21

22

23

24

25
```

```
1                MONDAY, FEBRUARY 1, 2010; 10:07 A.M.
2                           - - - - -
3
4           THE CLERK:  Item No. 3, CV 09-7587, Michael C.
5    Heflin v. County of Los Angeles.
6           Counsel, please state your appearances.
7           MR. FELLNER:  Good morning, Your Honor.  Jason
8    Fellner on behalf of plaintiff.
9           MS. MATHERS:  Good morning, Your Honor.  Katie
10   Mathers on behalf of Defendants County of Los Angeles and
11   Sheriff Leroy Baca.
12          THE COURT:  All right.  Counsel, anything to add
13   to the documents which have been filed?
14          MS. MATHERS:  No, Your Honor.
15          MR. FELLNER:  Yes, Your Honor.
16          With respect to jurisdiction of this court,
17   plaintiff believes that jurisdiction no longer exists.  The
18   federal question that was presented in the original
19   complaint has been dismissed.  The only remaining claims are
20   state law claims involving both California Government Code,
21   and with respect to mandatory duties, California state post
22   regulations and municipal code regulations.
23          As a result, all of the factors that were cited in
24   the reply brief of the defendants militate in favor of
25   remand, and that includes economy, convenience, fairness,
```

1  and comity with -- specifically with respect to comity.
2          The state law claims are the only claims that
3  remain in this case, and they are California state claims,
4  and, with respect, Plaintiff requests that this Court
5  exercise its discretion and remand this case to state court
6  before it enters a ruling on the pending motion to dismiss
7  the first amended complaint.
8          THE COURT:  Counsel?
9          MS. MATHERS:  Your Honor, I stated in the reply
10 briefs the issues have been fully briefed.  The jurisdiction
11 before this Court is proper, and the defendants ask that the
12 Court exercise its discretion in keeping the case.
13         THE COURT:  All right.  Plaintiff has failed to
14 state a claim for relief against defendants.  First,
15 plaintiff has failed to state a claim for negligence under
16 the theory of vicarious liability.  The facts plead in
17 plaintiff's first amended complaint overwhelmingly indicate
18 that plaintiff does not dispute the attacks stem from
19 plaintiff's alleged relationship with Deputy McClain's wife.
20         Plaintiff's allegation that McClain identified
21 himself as a peace officer and used his state-issued firearm
22 during the course of the attack alone is insufficient to
23 bring the claims action which were motivated by personal
24 animus within the scope of his employment.
25         Thus, pursuant to *Ashcroft v. Iqbal*, plaintiff has

1  failed to state a causal claim for relief.
2          Second, plaintiff failed to allege that there was
3  any special relationship between defendants and plaintiff --
4  gave rise to a duty to prevent an attack.  In the absence of
5  such a duty, defendants are not liable for any alleged
6  failure of its employee's part to conduct background
7  investigations.
8          Finally, pursuant to *Haggis v. City of Los
9  Angeles*, plaintiff's cause of action for violation of
10 mandatory duties under California Government Code 815.6
11 fails because the duty to investigate raised here may not
12 form the basis for liability given that the investigation
13 itself necessarily involves the exercise of discretion.
14         Defendants' motion to dismiss is thus granted.
15         Prepare the order, Counsel.
16         MS. MATHERS:  I will, Your Honor.  Thank you.
17         MR. FELLNER:  Your Honor, may I make a record?
18         THE COURT:  I beg your pardon?
19         MR. FELLNER:  May I make a record as to some of
20 the statements that were just made?
21         THE COURT:  No.  I've ruled.  You've already
22 argued, and you've made your record, Counsel.  You've made
23 your record.
24         MR. FELLNER:  Thank you, Your Honor.
25         (Proceedings concluded at 10:12 a.m.)

1    C E R T I F I C A T E

3        I hereby certify that the foregoing is a true and
4    correct transcript from the stenographic record of the
5    proceedings in the foregoing matter.

7    _____
     Bridget R. Montero                Date:  March 12, 2010
8    Official Court Reporter
     CSR No. 10020